KNOTT et al., Appellants,

v.

TOLEDO BOARD OF EDUCATION, Appellee.

Court of Common Pleas of Ohio,
Lucas County.

No. CI 2001–01841.

Decided July 31, 2001.

*Gordon D. Huffman,* for appellants.

*Cheryl F. Wolff,* for appellee.

FREDERICK H. MCDONALD, Judge.

This case is before the court upon the motion for a *de novo* hearing filed by plaintiff-appellant Knott as part of her administrative appeal from an expulsion order of the Toledo Board of Education ("board"). For the reasons that follow, the court finds that Knott's motion for a *de novo* hearing is well taken and must be granted.

## I

On December 5, 2000, seven students seated at a table in the cafeteria at Bowsher High School ("Bowsher") in the city of Toledo drew attention to themselves by dressing alike in dark clothing, having Bibles, and carrying black balloons. Their attire and actions were interpreted by students and staff to be of the gothic style, and associated with a rock group led by Marilyn Manson. Their conduct included tearing out pages of the Bible, writing on the Bible pages, and one student placing a torn piece of a Bible page in her mouth. Other students said that they heard students at the table state that they had a hit list, and that they were going to get guns and kill various groups, including preps, athletes, jocks, minorities, blacks, and Latinos. Numerous students reacted to this conduct and rumors of a disaster similar to the tragedy at Columbine High School in Colorado swept through the school. A panic followed. The school received hundreds of phone calls from concerned students, and hundreds of students stayed away from the school in the days after the incident.

An investigation by school officials and the Toledo police followed. As a result, Knott, along with several other students, were given notices of removal with intent to expel for inducing panic and disorderly conduct.

On December 12, 2000, a hearing was held before a representative of the Superintendent of the Toledo Public Schools, and it was the recommendation of that hearing officer that Knott be expelled. The superintendent accepted the recommendation and issued an expulsion notice. On January 5, 2001, an appeal hearing was held before a representative of the board.

The evidence presented at both hearings was similar. An assistant principal at Bowsher, Mitch Berlin, testified. He summarized the results of the investigation and read the unsworn statement of several student and staff witnesses. Knott also testified. The testimony of Berlin and Knott was under oath.

The undisputed evidence in the record is that Knott was one of the seven students at the table in the cafeteria and that she took a page out of a Bible, tore it, and put it in her mouth. She testified that she did not think ripping the page

out of the Bible was bad, that the Bible was only a copy of the original and just words, that she did not "rip" God, and that she loved God.

Berlin read a statement of a fellow student concerning a statement alleged to have been made by Knott. That statement is:

"I L.G. heard the girl talking to Mr. Berlin say that she was going to bring a gun to school and shoot up the school."

Berlin testified at the December 12 hearing that L.G. did not know Knott by name, but that she identified her by her dress and as the person who spoke to Berlin before she made the statement about the gun. In her testimony, Knott denied making the statement, and denied threatening anyone or having any knowledge of a hit list.

Following the January 5, 2001 hearing, the hearing officer issued written conclusions of fact recommending that Knott be expelled for eighty days and that she be transferred to another school. The board accepted the recommendation and Knott was expelled. Knott served the eighty-day expulsion, but continues to contest her transfer to another school.

## II

Knott has filed a motion for a *de novo* hearing pursuant to R.C. 2506.03. A hearing on that motion was held on June 28, 2001.

R.C. 2506.03 states:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or [proffered] by the appellant;

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;

"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

R.C. 2506.03(A)(3) requires that the testimony at an expulsion hearing be under oath. Here, Berlin's testimony was under oath, but the statements of the witnesses to the events in the cafeteria were not. Significantly, the only evidence linking Knott to any threats of violence was the unsworn statement of L.G. read by Berlin. Since this important testimony was not under oath, an R.C. 2506.03 hearing must be held.

At the hearing, the evidence will be limited to the issue of whether Knott made the threatening statement alleged by L.G. Pursuant to R.C. 2506.04, the board will have the burden to establish by the preponderance of the substantial, reliable, and probative evidence that Knott made the alleged statement.

*Motion granted.*

### Judgment Entry

Plaintiffs-appellants' motion for a *de novo* hearing is found well taken, and it is ordered that a hearing is set for Thursday, August 24, 2001, at 9:00 a.m.